*8 MEMORANDUM **
Bryan Davis, Sr., a California state prisoner, appeals pro se from the district court’s judgment dismissing sua sponte his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir.2000), and we reverse and remand.
On the complaint form instructing him to explain briefly what happened at each level of the grievance process, Davis described what happened at the first and second levels of the process, wrote “third level” and did not give further details. The face of the complaint does not clearly concede nonexhaustion because it does not clearly show that Davis did not proceed to the third level of review, or that he was required to do so. See Brown v. Valoff, 422 F.3d 926, 935 (9th Cir.2005) (explaining that there are circumstances where an inmate may not be required to exhaust all levels of review). Therefore we reverse the order of dismissal and remand for further proceedings. See Wyatt v. Ter-hune, 315 F.3d 1108, 1120 (9th Cir.2003) (reversing order of dismissal where the record was not clear that the inmate had conceded nonexhaustion).
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.